UNITED STATES DISTRICT COURT
DISTRICT COURT

FILED
IN CLERK'S OFFICE

2004 JUN 14 P 1:50

U.S. DISTRICT COURT
DISTRICT OF MASS

| | |
|---|---|
| TIMOTHY L. LaFRENIER,<br>        Plaintiff<br><br>v.<br><br>MARY ANNE KINIREY,<br>DANIEL MORRISON,<br>William E. May<br>and THE TOWN OF TOWNSEND | CIVIL ACTION NO:<br><br>04-40114-NMG |

## COMPLAINT

### INTRODUCTION

1. The instant complaint alleges violations of 42 U.S.C. 1983, M.G.L. 112, 11 I, M.G.L. 258A, the common law, by the above defendants in connection to, among other things, the arrest, treatment, and prosecution of the plaintiff.

### JURISDICTION

2. Jurisdiction is based upon 28 U.S.C. §§ 1331 and 1343, and the pendant jurisdiction of this Court to entertain claims arising under state law.

### PARTIES

3. Plaintiff Timothy L. LaFrenier is a resident of Fitchburg and the Commonwealth of Massachusetts.

4. Defendant Mary Ann Kinirey was at all times relevant to this Complaint, a duly appointed police officer employed by the Town of Townsend, acting under color of state law and is sued in her individual capacity.

5. Defendant Daniel Morrison was at all times relevant to this Complaint, a duly appointed police officer employed by the Town of Townsend, acting under color of state law and is sued in his individual capacity.

RECEIPT # 464347
AMOUNT $ 150.
SUMMONS ISSUED ✓
LOCAL RULE 4.1 ✓
WAIVER FORM ✓
MCF ISSUED ✓
BY DPTY. CLK. _____
DATE 6-14-04

1

6. Defendant Police Chief William E. May was at all times relevant to this Complaint, a duly appointed police officer employed by the Town of Townsend, acting under color of state law and is sued in his individual capacity.

7. Defendant Town of Townsend is a municipality duly incorporated under the laws of the Commonwealth of Massachusetts.

## FACTS

8. On June 15, 2001, the plaintiff was driving from his workplace in Nashua, New Hampshire to a doctor's appointment. Feeling gravely ill, the plaintiff pulled his automobile over to the side of the road. He was on Route 13/Dudley Road in Townsend. A motorist went the Townsend Police Department and informed defendant Kinirey, and at least one other, that there was a motorist (who would be the plaintiff) on Route 13, north of the station, who "did not look well."

9. Defendant Kinirey acted on the motorist's account. Kinirey came upon the plaintiff's vehicle and engaged the plaintiff as he sat behind the wheel of his car.

10. After Kinirey, defendant Daniel Morrison responded to the scene.

11. Defendants Kinirey and Morrison arrested plaintiff LeFrenier for operating a motor vehicle under the influence of an intoxicating liquor in violation G. L. c. 90 §24D.

12. During the course of the plaintiff's arrest, defendants Kinirey and Morrison battered and bruised the plaintiff, inflicting various injuries, among them being one to his wrist and one to his jaw.

13. The plaintiff's arrest occurred early in the afternoon. Defendants Kinirey and Morrison did not witness the plaintiff driving his car. Defendants Kinirey and Morrison did not smell alcohol on the breath of the plaintiff or about the plaintiff. There was no alcohol in the plaintiff's car.

14. The plaintiff had consumed no alcohol on the day of his arrest.

15. After his arrest, the plaintiff was transported to the Townsend police station.

16.   There he took a breathalyzer test.  His reading on the test was 0.00 and 0.00.
17.   The police took LeFrenier from the police station to the Hospital.  At the hospital, the plaintiff was given a blood test. The test revealed that his blood was free of any illicit drugs.
18.   The test of the plaintiff's blood revealed a white blood cell count indicative of a viral infection.
19.   On June 18, 2001, a criminal complaint (0148 CR 963) issued against the Plaintiff.  The complainant was defendant Morrison.
20.   The plaintiff was not charged with operating under the influence of an intoxicating liquor.
21.   The complaint alleged that on June 15, 2001 the plaintiff had committed the following crimes:   (1) assault and battery on a police officer, defendant Kinirey, (2) assault and battery on a police officer, defendant Morrison, (3) being a disorderly person, and (4) resisting arrest.
22.   Plaintiff LeFrenier did not assault and batter defendant Kinirey, as defendant Kinirey knew.
23.   Plaintiff LeFrenier did not assault and batter defendant Morrison, as defendants Kinirey and Morrison knew.
24.   Plaintiff LeFrenier was not a disorderly person, as defendant Kinirey knew.
25.   Plaintiff LeFrenier did not resist arrest, as defendants Kinirey and Morrison knew.
26.   On March 4, 2002, after a trial in the Ayer District Court, Plaintiff LeFrenier was found not guilty on all charges in the complaint brought by defendant Morrsion with the exception of the charge of assault and battery against Morrison; that charged was dismissed.
27.   On March 5, 2002, defendant Kinirey applied to Registry of Motor Vehicles to have plaintiff LaFrenier's driver's license suspended.  The RMV did not suspend LaFrenier's license.


First Count:
Violation of 42 U.S.C. 1983 by Defendants Kinirey and Morrison

28.   The plaintiff restates and realleges the allegations in paragraphs 1 through 27and incorporates herein as paragraph 28.
29.  By the actions described in paragraphs 1 through 27, the

defendants violated the plaintiff's constitutional rights as guaranteed by the Fourth and Fourteenth Amendment to the United States Constitution as follows:
a. made his arrest absent probable cause; unreasonably seized his person
b. used excessive force in arresting him
c. denied him medical treatment at the scene

Second Count:
Violation of 42 U.S.C. 1983 by Defendants Kinirey and Morrison

30. The plaintiff restates and realleges the allegations in paragraphs 1 through 29 and incorporates herein as paragraph 30.

31. By the actions described in paragraphs 1 through 27, the defendants violated the plaintiff's constitutional rights as guaranteed by the Fifth and Fourteenth Amendment to the United States Constitution as follows:
a. lodging and prosecuting charges against him which they knew to be false

Third Count:
Violation of 42 U.S.C. 1983 by Defendant (The Police Chief)

32. The plaintiff restates and realleges the allegations in paragraphs 1 through 31 and incorporates herein as paragraph 32.

33. By the actions described in paragraphs 1 through 27, the defendant William E. May violated the plaintiff's constitutional rights as guaranteed by the Fourth and Fourteenth Amendment to the United States Constitution as follows:

a. failing to train and supervise his officers on the proper use of force

Fourth Count
Violation of M.G.L. c. 12, § 11 I

34. The plaintiff restates and realleges the allegations in paragraphs 1 through 33 and incorporates herein as paragraph 34.
35. By the actions described in paragraphs 1 through 27, the defendants violated the plaintiff's civil rights by force,

intimidation, and violence in violation of M. G. L. c. 12, § 11 I.

Fifth Count
Violation of M.G.L. 258 A by Defendant Town of Townsend

36. The plaintiff restates and realleges the allegations in paragraphs 1 through 35 and incorporates herein as paragraph 36.

The acts and omissions of defendants as described in paragraphs 1 through 27 constitute negligence.
37. On October 9, 2002, a notice of Claim pursuant to M.G.L. 258 § 4 was presented by certified mail to the Board of Selectmen, Town of Townsend. The Selectmen received the Notice of the letter on on October 10, 2002
38. The Town responded and in sum stated that the police officers, and the police department, and the Town acted properly and without error in connection to the arrest, treatment, and prosecution of plaintiff LaFrenier.
39. As a direct and proximate result of the defendant's negligence the plaintiff suffered the damages previously described herein.

Sixth Count
Assault and Battery
40. The plaintiff restates and realleges the allegations in paragraphs 1 through 39 and incorporates herein as paragraph 40.
41. By the actions described in paragraphs 1 through 27, the defendants Kinirey and Morrison committed assaults and batteries on the plaintiff LaFrenier.
Seventh Count
False arrest

42. The plaintiff restates and realleges the allegations in paragraphs 1 through 41 and incorporates herein as paragraph 42.
43. By the actions described in paragraphs 1 through 27, the defendants Kinirey and Morrison committed a false arrest against the plaintiff LaFrenier.

Eight Count
Abuse of Process

44. The plaintiff restates and realleges the allegations in paragraphs 1 through 43 and incorporates herein as paragraph 44.

45. By the actions described in paragraphs 1 through 27, the defendants Kinirey and Morrison committed an abuse of process against plaintiff LaFrenier.

Wherefore, the plaintiff requests this Court:

1. Award compensatory damages against the defendants jointly and severally;
2. Award punitive damgages against defendant Kinirey, Morrsion, and the Police Chief;
3. Award the costs of this litigation, including reasonable attorneys fees;
4. Award such other and further relief as this court may deem necessary and appropriate.

A JURY TRIAL IS HEREBY DEMANDED

Respectfully submitted

_____
Carol T. Vittorioso, Attorney
Vittorioso & Taylor
Leominster MA 01534
Tel. no. 978 537-3500
B.B.O. no. 560046
Date: June 14, 2004

6

**04-40114-NMG**

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

1. Title of case (name of first party on each side only) _Timothy L LaFranier v_
   _Mary Ann Kinirey_

2. Category in which the case belongs based upon the numbered nature of suit code listed on the civil cover sheet. (See local rule 40.1(a)(1)).

   ___ I.    160, 410, 470, R.23, REGARDLESS OF NATURE OF SUIT.

   _X_ II.   195, 368, 400, 440, 441-444, 540, 550, 555, 625, 710, 720, 730,      *Also complete AO 120 or AO 121
             740, 790, 791, 820*, 830*, 840*, 850, 890, 892-894, 895, 950.         for patent, trademark or copyright cases

   ___ III.  110, 120, 130, 140, 151, 190, 210, 230, 240, 245, 290, 310,
             315, 320, 330, 340, 345, 350, 355, 360, 362, 365, 370, 371,
             380, 385, 450, 891.

   ___ IV.   220, 422, 423, 430, 460, 510, 530, 610, 620, 630, 640, 650, 660,
             690, 810, 861-865, 870, 871, 875, 900.

   ___ V.    150, 152, 153.

3. Title and number, if any, of related cases. (See local rule 40.1(g)). If more than one prior related case has been filed in this district please indicate the title and number of the first filed case in this court.

   _____

4. Has a prior action between the same parties and based on the same claim ever been filed in this court?

   YES ☐    NO ☒

5. Does the complaint in this case question the constitutionality of an act of congress affecting the public interest? (See 28 USC §2403)

   YES ☐    NO ☒

   If so, is the U.S.A. or an officer, agent or employee of the U.S. a party?

   YES ☐    NO ☐

6. Is this case required to be heard and determined by a district court of three judges pursuant to title 28 USC §2284?

   YES ☐    NO ☒

7. Do all of the parties in this action, excluding governmental agencies of the united states and the Commonwealth of Massachusetts ("governmental agencies"), residing in Massachusetts reside in the same division? - (See Local Rule 40.1(d)).

   YES ☐    NO ☐

   A. If yes, in which division do all of the non-governmental parties reside?

      Eastern Division ☐    Central Division ☐    Western Division ☐

   B. If no, in which division do the majority of the plaintiffs or the only parties, excluding governmental agencies, residing in Massachusetts reside?

      Eastern Division ☐    Central Division ☐    Western Division ☐

8. If filing a Notice of Removal - are there any motions pending in the state court requiring the attention of this Court? (If yes, submit a separate sheet identifying the motions)

   YES ☐    NO ☐

(PLEASE TYPE OR PRINT)
ATTORNEY'S NAME _Carol T Vittorioso_
ADDRESS _19 Water St Leominster MA_
TELEPHONE NO. _978 537 3500_

Coversheetlocal.wpd - 10/17/02

The JS-44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

## I. (a) PLAINTIFFS
Timothy L LaFrenier

## DEFENDANTS
Mary Ann Kinirey
Daniel Morrison
William E. May
Town of Townsend

(b) COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF: Worcester
(EXCEPT IN U.S. PLAINTIFF CASES)

COUNTY OF RESIDENCE OF FIRST LISTED DEFENDANT: Middlesex
(IN U.S. PLAINTIFF CASES ONLY)

NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED

(c) ATTORNEYS (FIRM NAME, ADDRESS, AND TELEPHONE NUMBER)
Carol # Vittorioso
Vittorioso + Taylor
19 Water St Leominster MA

ATTORNEYS (IF KNOWN)

## II. BASIS OF JURISDICTION (PLACE AN "X" IN ONE BOX ONLY)

- ☐ 1 U.S. Government Plaintiff
- ☒ 3 Federal Question (U.S. Government Not a Party)
- ☐ 2 U.S. Government Defendant
- ☐ 4 Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (PLACE AN "X" IN ONE BOX FOR PLAINTIFF AND ONE BOX FOR DEFENDANT)
(For Diversity Cases Only)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT (PLACE AN "X" IN ONE BOX ONLY)

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | PERSONAL INJURY | PERSONAL INJURY | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 362 Personal Injury — Med. Malpractice | ☐ 620 Other Food & Drug | | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 423 Withdrawal 28 USC 157 | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | ☐ 365 Personal Injury — Product Liability | ☐ 630 Liquor Laws | | ☐ 450 Commerce/ICC Rates/etc |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 640 R.R. & Truck | PROPERTY RIGHTS | ☐ 460 Deportation |
| ☐ 151 Medicare Act | ☐ 330 Federal Employers Liability | | ☐ 650 Airline Regs | ☐ 820 Copyrights | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans) | ☐ 340 Marine | PERSONAL PROPERTY | ☐ 660 Occupational Safety/Health | ☐ 830 Patent | ☐ 810 Selective Service |
| | ☐ 345 Marine Product Liability | ☐ 370 Other Fraud | ☐ 690 Other | ☐ 840 Trademark | ☐ 850 Securities/Commodities/Exchange |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | | ☐ 371 Truth in Lending | | | ☐ 875 Customer Challenge 12 USC 3410 |
| ☐ 160 Stockholders' Suits | ☐ 350 Motor Vehicle | ☐ 380 Other Personal Property Damage | LABOR | SOCIAL SECURITY | ☐ 891 Agricultural Acts |
| ☐ 190 Other Contract | ☐ 355 Motor Vehicle Product Liability | | ☐ 710 Fair Labor Standards Act | ☐ 861 HIA (1395ff) | ☐ 892 Economic Stabilization Act |
| ☐ 195 Contract Product Liability | ☐ 360 Other Personal Injury | ☐ 385 Property Damage Product Liability | | ☐ 862 Black Lung (923) | ☐ 893 Environmental Matters |
| | | | ☐ 720 Labor/Mgmt. Relations | ☐ 863 DIWC/DIWW (405(g)) | ☐ 894 Energy Allocation Act |
| REAL PROPERTY | CIVIL RIGHTS | PRISONER PETITIONS | | ☐ 864 SSID Title XVI | ☐ 895 Freedom of Information Act |
| ☐ 210 Land Condemnation | ☐ 441 Voting | ☐ 510 Motions to Vacate Sentence | ☐ 730 Labor/Mgmt. Reporting & Disclosure Act | ☐ 865 RSI (405(g)) | ☐ 900 Appeal of Fee Determination Under Equal Access to Justice |
| ☐ 220 Foreclosure | ☐ 442 Employment | HABEAS CORPUS: | ☐ 740 Railway Labor Act | FEDERAL TAX SUITS | |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/Accommodations | ☐ 530 General | | | ☐ 950 Constitutionality of State Statutes |
| ☐ 240 Torts to Land | | ☐ 535 Death Penalty | ☐ 790 Other Labor Litigation | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 890 Other Statutory Actions |
| ☐ 245 Tort Product Liability | ☐ 444 Welfare | ☐ 540 Mandamus & Other | | | |
| ☐ 290 All Other Real Property | ☒ 440 Other Civil Rights | ☐ 550 Civil Rights | ☐ 791 Empl. Ret. Inc. Security Act | ☐ 871 IRS — Third Party 26 USC 7609 | |
| | | ☐ 555 Prison Condition | | | |

## V. ORIGIN (PLACE AN "X" IN ONE BOX ONLY)

- ☒ 1 Original Proceeding
- ☐ 2 Removed from State Court
- ☐ 3 Remanded from Appellate Court
- ☐ 4 Reinstated or Reopened
- ☐ 5 Transferred from another district (specify)
- ☐ 6 Multidistrict Litigation
- ☐ 7 Appeal to District Judge from Magistrate Judgment

## VI. CAUSE OF ACTION (CITE THE U.S. CIVIL STATUTE UNDER WHICH YOU ARE FILING AND WRITE BRIEF STATEMENT OF CAUSE. DO NOT CITE JURISDICTIONAL STATUTES UNLESS DIVERSITY)

42 USC 1983 unreasonable seizure excessive force

## VII. REQUESTED IN COMPLAINT:
CHECK IF THIS IS A CLASS ACTION ☐ UNDER F.R.C.P. 23

DEMAND $

CHECK YES only if demanded in complaint:
JURY DEMAND: ☒ YES ☐ NO

## VIII. RELATED CASE(S) IF ANY (See instructions):
JUDGE
DOCKET NUMBER

DATE
SIGNATURE OF ATTORNEY OF RECORD

FOR OFFICE USE ONLY

RECEIPT #    AMOUNT    APPLYING IFP    JUDGE    MAG. JUDGE