UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

TIMOTHY L. LaFRENIER,

    Plaintiff

v.

MARY ANNE KINIREY, DANIEL MORRISON,
The CHIEF OF POLICE "John Doe" and the
TOWN OF TOWNSEND,

    Defendants

C.A. NO. 04-40114-FDS

ANSWER OF DEFENDANTS
MARY ANNE KINIREY, DANIEL
MORRISON AND TOWN OF
TOWNSEND

## INTRODUCTION

1. Denied.

## JURISDICTION

2. The allegations set forth in Paragraph 2 comprise contentions as to matters of law not requiring a response by the defendants. To the extent a response is required, said allegations are denied.

## PARTIES

3. The defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 3.

4. The defendants admit that defendant Kinirey was, at all relevant times, a Townsend police officer. The allegations concerning said defendant's "acting under color of state law" comprise contentions as to matters of law not requiring a response by the defendants. To the extent said allegations require a response, the same are admitted. The defendants deny the existence of a basis for individual capacity suit against defendant Kinirey.

5. The defendants admit that defendant Morrison was, at all relevant times, a Townsend police officer. The allegations concerning said defendant's "acting under color of state law" comprise contentions as to matters of law not requiring a response by the defendants. To the extent said allegations require a response, the same are admitted. The defendants deny the existence of a basis for individual capacity suit against defendant Morrison.

6. The defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 6.

7. Admitted.

## FACTS

8. The defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in the first two sentences of Paragraph 8. The remaining allegations set forth in said paragraph are admitted.

9. Admitted.

10. Admitted.

11. The defendants admit only that plaintiff was arrested by defendant Kinirey for operating under the influence of an intoxicating liquor, disorderly conduct, resisting arrest and two counts of assault and battery on a police officer.

12. Denied.

13. Admitted.

14. The defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 14.

15. Admitted.

16. Admitted.

17. The allegations set forth in the first sentence of Paragraph 17 are admitted. Further answering said allegations, the defendants state that plaintiff was taken to the hospital in an ambulance upon the insistence of involved police officers. The defendants are without knowledge or information sufficient to form a belief as to the truth of the remaining allegations set forth in said paragraph.

18. The defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 18.

19. The defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in the first sentence of Paragraph 19. The defendants admit that defendant Morrison, solely in his ministerial capacity as Townsend court prosecutor, appeared as complainant on the application for criminal complaint.

20. Admitted.

21. Admitted.

22. Denied.

23. Denied.

24. Denied.

25. Denied.

26. Admitted. Further answering, the defendants state that the complaint application filed by defendant Morrison was done solely in his ministerial capacity as Townsend court prosecutor.

27. Admitted.

## STATEMENT OF CLAIMS

### FIRST COUNT
(Violation of 42 U.S.C., § 1983 by Defendants Kinirey and Morrison)

28. The defendants restate and incorporate by reference their responses to Paragraph 1-27.

29(a-c). Denied.

### SECOND COUNT
(Violation of 42 U.S.C., § 1983 by Defendants Kinirey and Morrison)

30. The defendants restate and incorporate by reference their responses to Paragraphs 1-29.

31(a). Denied.

### THIRD COUNT
(Violation of 42 U.S.C., § 1983 by Defendant [The Police Chief])

32-33(a). The allegations set forth in the Third Count do not pertain to these defendants.

### FOURTH COUNT
(Violation of M.G.L. c. 12, §11I)

34. The defendants restate and incorporate by reference their responses to Paragraphs 1-33.

35. Denied.

### FIFTH COUNT
(Violation of M.G.L. c. 258 by Defendant Town of Townsend)

The allegations set forth in the Fifth Count do not pertain to defendants Morrison and Kinirey. Defendant Town of Townsend responds to same as follows:

36. The defendant restates and incorporates by reference its responses to Paragraphs 1-35. The remaining allegations set forth in Paragraph 36 are denied.

37. The allegations set forth in the first sentence of Paragraph 37 comprise contentions as to matters of law not requiring a response by the defendant. To the extent said allegations require a response, the same are denied. The defendant admits receipt of a purported notice pursuant to G.L. c. 258 by the Townsend Board of Selectmen on October 10, 2002.

38. Admitted.

39. Denied.

### SIXTH COUNT
(Assault and Battery)

The allegations set forth in the Sixth Count do not pertain to defendant Town of Townsend. Defendants Kinirey and Morrison respond to same as follows:

40. The defendants restate and incorporate by reference their responses to Paragraphs 1-39.

41. Denied.

### SEVENTH COUNT
(False Arrest)

The allegations set forth in the Seventh Count do not pertain to defendant Town of Townsend. Defendants Kinirey and Morrison respond to same as follows:

42. The defendants restate and incorporate by reference their responses to Paragraphs 1-41.

43. Denied.

### EIGHTH COUNT
(Abuse of Process)

The allegations set forth in the Eighth Count do not pertain to defendant Town of Townsend. Defendants Kinirey and Morrison respond to same as follows:

44. The defendants restate and incorporate by reference their responses to Paragraphs 1-43.

45. Denied.

## DEFENSES

### FIRST DEFENSE

The Complaint fails to state a claim upon which relief may be granted.

### SECOND DEFENSE

The Complaint should be dismissed for failure to comply with the statute of limitations.

### THIRD DEFENSE

Plaintiff fails to state a claim upon which relief may be granted because he has failed to allege that the defendants' conduct deprived him of a federal constitutional right.

### FOURTH DEFENSE

The claims arising out of the subject matter of the transaction and occurrences alleged are barred as the defendants were carrying out law enforcement functions in good faith.

### FIFTH DEFENSE

The actions and conduct of the defendants, to the extent they occurred as alleged, were undertaken in the good faith performance of their official duties without malice and were therefore privileged under applicable law.

### SIXTH DEFENSE

Any injury or damages suffered by the plaintiff, to the extent actually incurred, were caused by reason of the plaintiff's own wrongful acts, reckless misconduct or negligence.

### SEVENTH DEFENSE

Plaintiff's action is barred on the basis that plaintiff has an adequate state remedy.

### EIGHTH DEFENSE

The Complaint fails to state a claim for which punitive damages are available against the defendants.

### NINTH DEFENSE

The defendants state that this action consists of a claim based upon the performance or failure to perform a discretionary function or duty on the part of a public employee acting within the scope of his office or employment, and, therefore, the plaintiff cannot recover in this action.

### TENTH DEFENSE

The defendants' actions, to the extent they occurred as alleged, are immune from suit as they were discretionary functions.

### ELEVENTH DEFENSE

The actions and conduct of the individual defendants, to the extent they occurred as alleged, were objectively reasonable under the circumstances of which they were aware, and they enjoy qualified immunity from suit and all liability arising therefrom.

### TWELFTH DEFENSE

The actions and conduct of the individual defendants, to the extent they occurred as alleged, did not violate any clearly established constitutional or statutory rights of which they reasonably should have been aware and they are therefore entitled to qualified immunity.

### THIRTEENTH DEFENSE

The Complaint fails to state a claim for individual capacity liability.

### FOURTEENTH DEFENSE

The Complaint fails to state a claim for which relief can be granted in that plaintiff has failed to allege any facts from which malice can be inferred.

### FIFTEENTH DEFENSE

The Complaint fails to state a claim for which relief can be granted in that plaintiff has failed to plead any actual damages.

### SIXTEENTH DEFENSE

At all relevant times, the defendants possessed the requisite reasonable suspicion and/or probable cause to act as alleged in the Complaint.

### SEVENTEENTH DEFENSE

The defendants state that they utilized only the minimum amount of force necessary to overcome resistance and to effect a lawful arrest.

### EIGHTEENTH DEFENSE

The individual defendants are immune from suit pursuant to G.L.c. 258.

### NINETEENTH DEFENSE

The defendants deny deliberate indifference to serious medical needs of the plaintiff.

### TWENTIETH DEFENSE

The defendants deny deprivation of plaintiff's rights through threats, coercion and intimidation.

### TWENTY-FIRST DEFENSE

Defendant Town of Townsend is immune from liability pursuant to the Massachusetts Tort Claims Act., G.L.c. 258.

### TWENTY-SECOND DEFENSE

The defendants deny any unprivileged touching of the person of the plaintiff.

### TWENTY-THIRD DEFENSE

The defendants deny the use of process without probable cause for an improper ulterior purpose.

### TWENTY-FOURTH DEFENSE

Defendant Town of Townsend is immune from liability for intentional torts pursuant to G.L.c. 258, § 10(C).

## TWENTY-FIFTH DEFENSE

The Complaint should be dismissed for failure to present the claim and give notice in accordance with G.L.c. 258, § 4.

## TWENTY-SIXTH DEFENSE

Plaintiff's recovery is barred or subject to diminution pursuant to comparative negligence principles, as set forth in G.L.c. 258, § 85.

## TWENTY-SEVENTH DEFENSE

The action filed by the plaintiff is frivolous, wholly unsubstantial and not advanced in good faith, entitling the defendants to recovery of all costs, expenses and attorneys' fees associated with the defense of this case.

## JURY CLAIM

The defendants respectfully demand a trial by jury.

DEFENDANTS MARY ANNE KINIREY, DANIEL MORRISON and TOWN OF TOWNSEND,

By their attorneys,

Joseph L. Tehan, Jr. (BBO # 494020)
Kopelman and Paige, P.C.
31 St. James Avenue
Boston, MA 02116
(617) 556-0007

235011/METG/0594

### CERTIFICATE OF SERVICE

I hereby certify that a true copy of the above document was served upon the attorney of record for each other party by mail-hand on 11/30/04