UNITED STATES DISTRICT COURT
DISTRICT COURT

|  |  |
|---|---|
| TIMOTHY L. LaFRENIER, ) | |
| Plaintiff ) | C. A. NO: 04-40114-FDS |
| ) | |
| v. ) | |
| ) | |
| MARY ANNE KINIREY, ) | |
| DANIEL MORRISON, ) | |
| William E. May ) | |
| and THE TOWN OF TOWNSEND ) | |
| ) | |

<u>PLAINTIFF'S AMENDED COMPLAINT</u>

INTRODUCTION

1.   The instant complaint alleges violations of 42 U.S.C. 1983, M.G.L. 112, 11 I, M.G.L. 258A, the common law, by the above defendants in connection to, among other things, the arrest, treatment, and prosecution of the plaintiff.

JURISDICTION

2.   Jurisdiction is based upon 28 U.S.C. §§ 1331 and 1343, and the pendant jurisdiction of this Court to entertain claims arising under state law.

PARTIES

3.   Plaintiff Timothy L. LaFrenier is a resident of Fitchburg and the Commonwealth of Massachusetts.

1

4.    Defendant Mary Ann Kinirey was at all times relevant to this Complaint, a duly appointed police officer employed by the Town of Townsend, acting under color of state law and is sued in her individual capacity.

5.    Defendant Daniel Morrison was at all times relevant to this Complaint, a duly appointed police officer employed by the Town of Townsend, acting under color of state law and is sued in his individual capacity.

6.    Defendant Police Chief William E. May was at all times relevant to this Complaint, a duly appointed police officer employed by the Town of Townsend, acting under color of state law and is sued in his individual capacity.

7.    Defendant Town of Townsend is a municipality duly incorporated under the laws of the Commonwealth of Massachusetts.

FACTS

8.    On June 15, 2001, the plaintiff was driving from his workplace in Nashua, New Hampshire to a doctor's appointment.    Feeling gravely ill, the plaintiff pulled his automobile over to the side of the road.    He was on Route 13/Dudley Road in Townsend.    A motorist went the Townsend Police Department and informed defendant Kinirey, and at least one other, that there was a motorist (who would be the plaintiff) on Route 13, north of the station, who "did not look well."

9.    Defendant Kinirey acted on the motorist's account.    Kinirey

2

came upon the plaintiff's vehicle and engaged the plaintiff as he sat behind the wheel of his car.

10.    After Kinirey, defendant Daniel Morrison responded to the scene.

11.    Defendants Kinirey and Morrison arrested plaintiff LeFrenier for operating a motor vehicle under the influence of an intoxicating liquor in violation G. L. c. 90 §24D.

12.    During the course of the plaintiff's arrest, defendants Kinirey and Morrison battered and bruised the plaintiff, inflicting various injuries, among them being one to his wrist and one to his jaw.

13.    The plaintiff's arrest occurred early in the afternoon. Defendants Kinirey and Morrison did not witness the plaintiff driving his car. Defendants Kinirey and Morrison did not smell alcohol on the breath of the plaintiff or about the plaintiff. There was no alcohol in the plaintiff's car.

14.    The plaintiff had consumed no alcohol on the day of his arrest.

15.    After his arrest, the plaintiff was transported to the Townsend police station.

16.    There he took a breathalyzer test.  His reading on the test was 0.00 and 0.00.

17.    The police took LeFrenier from the police station to the Hospital.  At the hospital, the plaintiff was given a blood test.

The test revealed that his blood was free of any illicit drugs.

18. The test of the plaintiff's blood revealed a white blood cell count indicative of a viral infection.

19. On June 18, 2001, a criminal complaint (0148 CR 963) issued against the Plaintiff. The complainant was defendant Morrison.

20. The plaintiff was not charged with operating under the influence of an intoxicating liquor.

21. The complaint alleged that on June 15, 2001 the plaintiff had committed the following crimes: (1) assault and battery on a police officer, defendant Kinirey, (2) assault and battery on a police officer, defendant Morrison, (3) being a disorderly person, and (4) resisting arrest.

22. Plaintiff LeFrenier did not assault and batter defendant Kinirey, as defendant Kinirey knew.

23. Plaintiff LeFrenier did not assault and batter defendant Morrison, as defendants Kinirey and Morrison knew.

24. Plaintiff LeFrenier was not a disorderly person, as defendant Kinirey knew.

25. Plaintiff LeFrenier did not resist arrest, as defendants Kinirey and Morrison knew.

26. On March 4, 2002, after a trial in the Ayer District Court, Plaintiff LeFrenier was found not guilty on all charges in the complaint brought by defendant Morrsion with the exception of the charge of assault and battery against Morrison; that charged was

4

dismissed.

27.    On March 5, 2002, defendant Kinirey applied to Registry of Motor Vehicles to have plaintiff LaFrenier's driver's license suspended.    The RMV did not suspend LaFrenier's license.

First Count:

Violation of 42 U.S.C. 1983 by Defendants Kinirey and Morrison

28.    The plaintiff restates and realleges the allegations in paragraphs 1 through 27and incorporates herein as paragraph 28.

29.    By the actions described in paragraphs 1 through 27, the defendants violated the plaintiff's constitutional rights as guaranteed by the Fourth and Fourteenth Amendment to the United States Constitution as follows:

a.    made his arrest absent probable cause; unreasonably seized his person

b.    used excessive force in arresting him

c.    denied him medical treatment at the scene

Second Count:

Violation of 42 U.S.C. 1983 by Defendants Kinirey and Morrison

30.    The plaintiff restates and realleges the allegations in paragraphs 1 through 29 and incorporates herein as paragraph 30.

31.    By the actions described in paragraphs 1 through 27, the defendants violated the plaintiff's constitutional rights as guaranteed by the Fifth and Fourteenth Amendment to the United States Constitution as follows:

a. lodging and prosecuting charges against him which they knew to be false

Third Count:

Violation of 42 U.S.C. 1983 by Defendant (The Police Chief)

32.    The plaintiff restates and realleges the allegations in paragraphs 1 through 31 and incorporates herein as paragraph 32.

33.    By the actions described in paragraphs 1 through 27, the defendant William E. May violated the plaintiff's constitutional rights as guaranteed by the Fourth and Fourteenth Amendment to the United States Constitution as follows:

a. failing to train and supervise his officers on the proper use of force

Fourth Count

Violation of M.G.L. c. 12, § 11 I

34.    The plaintiff restates and realleges the allegations in paragraphs 1 through 33 and incorporates herein as paragraph 34.

35.    By the actions described in paragraphs 1 through 27, the defendants violated the plaintiff's civil rights by force, intimidation, and violence in violation of M. G. L. c. 12, § 11 I.

Fifth Count

Violation of M.G.L. 258 A by Defendant Town of Townsend

36.    The plaintiff restates and realleges the allegations in paragraphs 1 through 35 and incorporates herein as paragraph 36.

The acts and omissions of defendants as described in paragraphs 1 through 27 constitute negligence.

37.   On October 9, 2002, a notice of Claim pursuant to M.G.L. 258 § 4 was presented by certified mail to the Board of Selectmen, Town of Townsend.  The Selectmen received the Notice of the letter on on October 10, 2002

38.   The Town responded and in sum stated that the police officers, and the police department, and the Town acted properly and without error in connection to the arrest, treatment, and prosecution of plaintiff LaFrenier.

39.   As a direct and proximate result of the defendant's negligence the plaintiff suffered the damages previously described herein.

Sixth Count

Assault and Battery

40.   The plaintiff restates and realleges the allegations in paragraphs 1 through 39 and incorporates herein as paragraph 40.

41.   By the actions described in paragraphs 1 through 27, the defendants Kinirey and Morrison committed assaults and batteries on the plaintiff LaFrenier.

Seventh Count

False arrest

42.   The plaintiff restates and realleges the allegations in paragraphs 1 through 41 and incorporates herein as paragraph 42.

43.   By the actions described in paragraphs 1 through 27, the

7

defendants Kinirey and Morrison committed a false arrest against the plaintiff LaFrenier.

Eight Count

Abuse of Process

44. The plaintiff restates and realleges the allegations in paragraphs 1 through 43 and incorporates herein as paragraph 44.

45. By the actions described in paragraphs 1 through 27, the defendants Kinirey and Morrison committed an abuse of process against plaintiff LaFrenier.

Wherefore, the plaintiff requests this Court:

1. Award compensatory damages against the defendants jointly and severally;

2. Award punitive damgages against defendant Kinirey, Morrsion, and the Police Chief;

3. Award the costs of this litigation, including reasonable attorneys fees;

4. Award such other and further relief as this court may deem necessary and appropriate.

A JURY TRIAL IS HEREBY DEMANDED

8

Respectfully submitted

_Sean J. Gallagher_

Sean J. Gallagher, Esq.
74 Elm Street
Worcester MA 01609
Tel. no. 508 767-0500
B.B.O. no. 551112
Date: March 21, 2005


Certificate of service

I, Sean J. Gallagher, Esq. certify that on March 21, 2005 I mailed, first class postage prepaid, the above amended complaint to Attorney Joseph J. Teehan, Koplelman and Paige, P.C., Attorneys at Law, 31 St. James Street, Boston MA 02116.
Signed under the pains and penalties of perjury.


_Sean J. Gallagher_

Sean J. Gallagher, Esq.

9